Marshall, C. J.
 

 This is an original action in this court in
 
 quo warranto,
 
 praying an inquiry into the right of the defendants Albert B. Callow, Thomas E. Monks, M. P. Mooney, and Howell Wright to have and exercise the office of citizen members of the Cuyahoga county building commission. The petition recites that said members were appointed' pursuant to Section 2333, General Code, to constitute a building commission to serve in connection with the county commissioners in the construction of a county building. On August
 
 *368
 
 27, 1917, the board of county commissioners adopted a resolution declaring the necessity to construct a building for a county jail and for other purposes at a proposed expenditure of $1,250,000 and upon submission of that proposition to the voters the same was approved, and thereupon application was made to the court of common pleas of said county for the appointment of a building commission, and defendants were thereupon duly appointed and qualified and entered upon the discharge of their duties. Thereafter it was found that the amount which was proposed to be expended would be wholly insufficient, and further proposals were made to the voters for additional funds, all of which were defeated.
 

 The petition further recites that on March 6, 1924, commissioners of Cuyahoga county adopted a resolution to abandon the erection of a building for a county jail and other public purposes, under the authority granted by the voters on November 6, 1917, whereby the bond issue of $1,250,000 was approved, and the resolution ordered the unexpended balance of said bond issue remaining in the treasury to be placed in the sinking fund.
 

 By virtue of the action of the board of county commissioners it is claimed that the entire enterprise has been definitely abandoned and that the building commission has no further duties to perform, but that it nevertheless continues to employ office help and to expend public money therefor, and that no public service is rendered by either the employes or the appointed members of said building commission, and that the continued exer
 
 *369
 
 cise of their said office results in injury to the citizens of the state of Ohio.
 

 To this petition the defendants who are the appointed members of the commission demur on the grounds: First, that the petition does not state a cause of action in
 
 quo warranto
 
 against said defendants; second, the court is without jurisdiction to entertain the petition in
 
 quo warranto
 
 against said defendants.
 

 The single question raised by this demurrer is whether or not the appointed members of the building commission are public officers and whether, therefore,
 
 quo warranto
 
 will lie under the provisions of Section 12303, General Code, which in its pertinent provisions is as follows:
 

 “A civil action may be brought in the name of the state:
 

 “1.
 
 Against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state.”
 

 While this case has been heard upon a demurrer to the petition which brings in question the jurisdiction of the court in
 
 quo warranto,
 
 the brief for the defendants in support of their demurrer frankly suggests that this demurrer is filed only for the purpose of raising the legal question in advance and that if the demurrer should be overruled an issue of fact will be presented by answer and that there will be a denial that the enterprise of erecting a building to contain a jail, court of insolvency, and criminal courts has been abandoned. The brief of counsel makes the claim that
 
 *370
 
 under the allegations of the petition, if true, the building commission is
 
 functus officio
 
 and that further action on their part is null and void and the writ of
 
 quo warranto
 
 would therefore be a vain thing, and in the same connection frankly admits that this issue could be tried in an action in injunction to prevent their attempted performance of further official acts, which action could of course only begin in a court of common pleas. That' question not being squarely presented by this demurrer, we are not privileged to decide it. It is, however, quite certain that the appointment of the members of the commission by the common pleas court in the first place could only be made upon a finding that certain conditions exist, and it- may be suggested that a revocation order could be made in a proper proceeding in the same court upon showing those facts no longer to exist.
 

 This challenge to the jurisdiction of this court calls attention to the provisions of Article X of the Ohio Constitution and especially to Section 2 thereof as follows:
 

 “County officers shall be elected on the first Tuesday after the first Monday in November, by the electors of each county in such manner, and for such term, not exceeding three years, as may be provided by law.”
 

 If the appointed members of the commission shall be held to be public officers, then the constitutional provisions would become decisive of the matter. Measured by that standard, Section 2333 would be clearly unconstitutional and the appointment in the first place would have been a nullity. If, on the other hand, they shall be held not to
 
 *371
 
 be public officers, this case would present no issue of the constitutionality of that section.
 

 There is no lack of adjudication at the hands of this court upon the general subject of the characteristics of public officers. In a rather early case,
 
 State ex rel.
 
 v.
 
 Brennan,
 
 49 Ohio St. 33, 29 N. E. 593, this court, while disclaiming any intention of defining with exactness all the characteristics of a public office, nevertheless declared a few principles and upon the basis of the principles therein declared held that a storekeeper appointed by the clerk of the common pleas court for certain purposes did constitute a public office. At a later date the' circuit court of Wood county in
 
 Commissioners
 
 v.
 
 Pargillis,
 
 10 Ohio Cir. Ct. R. 376, held that a building commission, in all respects similar to the commission in the instant case, were not public officers, and in the course of its opinion, at page 392, referred to the
 
 Brenmm case
 
 and distinguished it. As distinguishing. features it was pointed out that a building commission does not have continuity of office nor succession; that the members are appointed for a definite purpose and when the purpose is carried out both the rights and the duties terminate. In the event of death or resignation, the court is not compelled to appoint another. The circuit court by a divided court held that they were not county officers and upheld the constitutionality of the law. On error vto this court that decision was affirmed without report, 53 Ohio St. 680, 44 N. E. 1134.
 

 In the case of
 
 Mackenzie
 
 v.
 
 State ex rel.,
 
 76 Ohio St. 369, 81 N. E. 638, this court again had the constitutionality of Section 2333 under considera
 
 *372
 
 iion, and in a short syllabus held that it was constitutional. There was no discussion of principles further than to state that the objections to the constitutionality of the law did not seem to be .well founded and that nothing more need be said, because they “have been considered in reported decisions in other cases.” No other cases were cited, and it may be inferred that the
 
 Pargillis case
 
 was at least one of those which the court had jin mind. While no discussion of the characteristics of a public officer appears in the opinion in the
 
 Mackenzie case,
 
 it is quite certain that the law could not be held to be constitutional on any theory except that the members of such a com.mission are not public officers. While the opinion of the court contains no such discussion, the question was very elaborately discussed in the briefs of. counsel, thereby clearly indicating that that was one of the live questions in the case. Counsel for the commission in that case cited a number of former decisions, and counsel for the state cited no authorities, but admitted that the precedents were in- favor of the position taken by counsel for the commission. Since the decision of the
 
 Mackenzie case,
 
 a number of other cases have been before this court to determine whether other persons appointed to perform public duties were public officers. A careful analysis of all those oases prompts the remark that it. would be very difficult indeed to. fully harmonize them.
 

 One of the features running through those cases where they were held to be public officers was the fact of their having to perform independent duties. It. must be admitted thaF" the members of "this
 
 *373
 
 building commission are charged with duties under Sections 2338, 2339, and 2340, General Code, which have something in common with the characteristics of public officers as defined in the following cases:
 
 State ex rel. Godfrey
 
 v.
 
 O’Brien, Treas.,
 
 95 Ohio St. 166, 172, 115 N. E. 25;
 
 State ex rel. Hogan
 
 v.
 
 Hunt,
 
 84 Ohio St. 143, 95 N. E. 666;
 
 State ex rel. Monnett, Atty. Gen.,
 
 v.
 
 Jennings,
 
 57 Ohio St. 415, 424, 49 N. E. 404, 63 Am. St. Rep. 723. On the other hand, it must be admitted that there are certain elements lacking in the characteristics of the building commission that were presentan those cases.
 

 The claims of counsel for the commission are on the other hand supported by
 
 Walker, City Solicitor,
 
 v.
 
 City of Cincinnati,
 
 21 Ohio St. 14, 8 Am. Rep. 24;
 
 State ex rel.
 
 v.
 
 Brennan,
 
 49 Ohio St. 33, 29 N. E. 593;
 
 Gleason
 
 v.
 
 City of Cleveland,
 
 49 Ohio St. 431, 31 N. E. 802;
 
 State ex rel. Armstrong
 
 v.
 
 Halliday, Aud.,
 
 61 Ohio St. 171, 172, 55 N. E. 175;
 
 State ex rel. Wilson
 
 v.
 
 Gibson, County Treas., 1
 
 Ohio N. P. (N. S.) 565, 567, 568, affirmed by this court without report 70 Ohio St. 424, 72 N. E. 1165. In
 
 State ex rel. Wolcott, Atty. Gen.,
 
 v.
 
 Kennon,
 
 7 Ohio St. 546, a public office was referred to as “a high public function and trust, and not a private, or casual, or incidental agency,” and this Avas quoted with approval in
 
 Warwick
 
 v.
 
 State,
 
 25 Ohio St. 21, 25.
 

 Without overruling any of the former deeisions of this court, but seeking to distinguish those where persons have been ousted from office on the ground that they are public officers, we are of the opinion that the distinguishing characteristics of
 
 *374
 
 the members of a building commission, under Section 2333, General Code, are as follows: (1) They receive no stated salary, and their appointment is for a temporary purpose; (2) they do not have continuity or succession in office; (3) there is no compulsion to appoint another in the event of death or resignation of one of the members so appointed; (4) they act in conjunction with the board of county commissioners only in special, matters; (5) no independent duties devolve upon them and their duties are those which except for this statute would devolve exclusively upon the county commissioners.
 

 Inasmuch as this statute has been directly held to be constitutional in one case, and has been treated as being constitutional in other cases, and it could not be declared to be unconstitutional unless in the opinion of this court it is clearly so, and then only by a concurrence of six judges of this court, it is the opinion of all judges participating in the case that the members of the commission should be held not to be public officers and that therefore this court does not have jurisdiction over the cause.
 

 Petition dismissed.
 

 Robinson, Jones, Matthias, Day and Allen. JJ., concur.
 

 Wanamaker, J., not participating.